# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MONICA JACKSON | CIVIL ACTION |
| VERSUS | NO. 17-6361 |
| LT. CLINT PATTERSON, ET AL. | SECTION: "S"(1) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by defendants, Lieutenant Clint Patterson and St. Charles Parish Sheriff Greg Champagne (Doc. #44), is **GRANTED**, and plaintiff's claims against them are **DISMISSED**.[1]

## BACKGROUND

This matter is before the court on a motion to for summary judgment filed by defendants, Lieutenant Clint Patterson and St. Charles Parish Sheriff Greg Champagne. Defendants argue that plaintiff, Monica Jackson, failed to properly state a defamation claim against them.

On June 29, 2017, Jackson,[2] filed this suit against the St. Charles Parish Sheriff's Office; Sheriff Champagne, in his official capacity; Patterson; the St. Charles Parish District Attorney's Office; former District Attorney Harry J. Morel, in his official capacity; and former Assistant District Attorney Kim K. McElwee. Jackson alleged claims under 42 U.S.C. §1983 for deprivation of civil rights and claims for defamation and intentional infliction of emotional distress under Louisiana Civil Code article 2315. Jackson alleged that she was being "targeted" by the defendants

---

[1] Plaintiff did not file an opposition. Court personnel called the telephone number for plaintiff on file with the court several times. Each time, the telephone rang once and then disconnected. The court also mailed plaintiff a copy of the motion and notified her that her opposition was overdue.

[2] Because plaintiff is proceeding *pro se*, the court must construe her pleadings liberally. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). However, "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).

because she testified before a grand jury for the Federal Bureau of Investigation ("FBI") against Morel. Jackson is African American and all the defendants are Caucasian.

The allegations in Jackson's original complaint concerned her arrest by Patterson in 2014 for obstruction of justice. She maintained that she was prosecuted by former assistant district attorney McElwee solely because she had gone to Morel and filed a complaint against McElwee. Jackson alleged she was also being retaliated against for telling detectives of the St. John the Baptist Parish Sheriff's Office that Morel had asked her for sexual favors, which she claimed lead to an FBI investigation of Morel.[3] Jackson alleged that after being released from jail she began receiving threatening phone calls stating that she should "leave Harry alone," and that a dead bird was left on her window. Jackson claimed that only Patterson and other members of the St. Charles Parish Sheriff's Office knew about her involvement with the Morel case.

Jackson also complained about a statement that Patterson took from Kizzy Kensey. Allegedly Kensey told Patterson that she had been raped in Jackson's tax office in 2010, but Jackson asserted that she did not open the office until 2011 and did not meet Kensey until 2012. Jackson contended that McElwee sought to use the Kinsey statement against her in court.

Jackson also alleged that when she sought to obtain a background report from the Louisiana State Police at the request of her employer in 2016, there were "inconsistencies" reporting an arrest for rape, while her report from St. Charles Parish did not contain such a charge. Jackson stated that when she sought to have the discrepancy corrected with the St. Charles Parish Sheriff's Office, she was told that Patterson had advised that the rape charge was accurate and should not be

---

[3] In Criminal Action No. 16-50 in the United States District Court for the Eastern District of Louisiana, Moral pleaded guilty to obstruction of justice in violation of 18 U.S.C. § 1512(d)(1), and is currently serving time in the custody of the Federal Bureau of Prisons.

2

removed. Jackson was referred to Patterson's supervisor, and it appears that the issue was resolved.

Jackson further alleged that when her son Joshua Every was arrested in 2016, Jackson's mugshot and charges appeared on NOLA.com even though her case was closed and sealed. Jackson attributed the posting to Patterson and states the posting claimed that she was "probably the getaway driver" and the she was "receiving grant money to house inmates." The posting also allegedly stated that Jackson "drives a $65,000 car." Ms. Jackson notes that Patterson interviewed her son in December 2013 and thus knows the relationship between the two of them. Jackson alleged that Patterson is responsible for the postings on NOLA.com, and that the postings stopped when she reported them to the FBI. Jackson alleges that these postings are defamatory.

On January 5, 2018, the United States Magistrate Judge granted Jackson's Motion for Leave to Amend her complaint. The Amended Complaint does not refer to or incorporate the original complaint. In the Amended Complaint, Jackson adds Chaisson, in his official capacity as District Attorney for the 29th Judicial District, State of Louisiana, as a defendant, and removes both the St. Charles Parish Sheriff's Office and the District Attorney's Office for the 29th Judicial District, State of Louisiana (improperly named as the St. Charles Parish District Attorneys Office) as defendants. Jackson also states that she is not making a claim for wrongful arrest, and she does not state a claim for intentional infliction of emotional distress. The allegations in the Amended Complaint concern only Jackson's defamation claims.[4] Jackson alleges that the defendants gained

---

[4] "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994). Because Jackson did not refer to and adopt or incorporate the original complaint in the amended complaint, the amended complaint supersedes the original complaint, and all of the claims raised in the original complaint that were not also raised in the amended complaint have been abandoned. Therefore, Jackson's sole remaining claim against Patterson and Champagne is for defamation.

information about her from their employment and used it to defame her by posting false statements on NOLA.com to defame her character.

## ANALYSIS

I.      **Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Granting a motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2509-10 (1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing Anderson, 106 S.Ct. at 2510).

If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents properly to support its motion, but need only point out the absence of

evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**II.     Jackson's Defamation Claims**

Patterson and Champagne argue that Jackson did not sufficiently plead defamation claims against them, and that any purported defamation claims against them should be dismissed.

Defamation is a tort involving "the invasion of a person's interest in his or her reputation and good name." Costello v. Hardy, 864 So.2d 129, 139 (La. 2004). Establishing a cause of action for defamation requires four elements: "(1) a false or defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." Id. (quotations omitted). The jurisprudence often defines the fault requirement as either actual or implied malice. Id. (citations omitted). "Thus, in order to prevail on a defamation claim, a plaintiff must prove that the defendant, with actual malice or other fault, published a false statement with defamatory words which caused plaintiff damages." Id. at 139-140 (quotations omitted).

"Defamatory words" are defined as "words which tend to harm the reputation of another so as to lower the person in the estimation of the community, to deter others from associating or dealing with the person, or otherwise expose them to contempt or ridicule." Id. at 140 (citations omitted). Words that "convey an element of personal disgrace, dishonesty, or disrepute are defamatory." Id. (citation omitted). However, a pure statement of opinion, which is based totally on the speaker's subjective view and which does not expressly state or imply the existence of underlying facts, usually will not be actionable in defamation, because "falsity is an indispensable element of any defamation claim and a purely subjective statement can be neither true nor false." Bussie v. Lowenthal, 535 So.2d 378, 381 (La. 1988) (internal citation omitted).

"Whether a communication is capable of a particular meaning and whether that meaning is defamatory is ultimately a legal question for the court." Costello, at 140. This "question is answered by determining whether a listener could have reasonably understood the communication, taken in context, to have been intended in a defamatory sense." Id. (citation omitted).

Louisiana jurisprudence classifies defamatory words as either defamatory *per se* or words that are susceptible of a defamatory meaning. Id. Words that "by their very nature tend to injure one's personal or professional reputation, even without considering extrinsic facts or surrounding circumstances, are considered defamatory *per se*." Id. (citation omitted). Once *per se* defamation has been proved, the elements of falsity, malice (or fault), and injury are presumed, but may be rebutted by the defendant. Id. (citation omitted).

When the words at issue are not defamatory *per se*, but rather are susceptible of a defamatory meaning, the plaintiff must prove, in addition to defamatory meaning and publication, the elements of falsity, malice (or fault), and injury. Id. (citation omitted). Publication occurs when words are communicated to a third party absent privilege. Id. at 142. Malice, or fault, "is a lack of reasonable belief in the truth of the statement giving rise to the defamation." Id. at 143. (citations omitted). "The injury resulting from a defamatory statement may include nonpecuniary or general damages such as injury to reputation, personal humiliation, embarrassment and mental anguish even when no special damage such as loss of income is claimed." Id. at 141 (citations omitted). "Defamatory words" are defined as "words which tend to harm the reputation of another so as to lower the person in the estimation of the community, to deter others from associating or dealing with the person, or otherwise expose them to contempt or ridicule." Id. at 140 (citations omitted). Words that "convey an element of personal disgrace, dishonesty, or disrepute are defamatory." Id. (citation omitted). However, a pure statement of opinion, which is based totally on the speaker's

6

subjective view and which does not expressly state or imply the existence of underlying facts, usually will not be actionable in defamation, because "falsity is an indispensable element of any defamation claim and a purely subjective statement can be neither true nor false." Bussie v. Lowenthal, 535 So.2d 378, 381 (La. 1988) (internal citation omitted).

In the First Amended Complaint, Jackson alleges that the "defendants . . . used sensitive information that they learned through their positions as a detective for the St. Charles Parish Law Enforcement District AKA St. Charles Parish Sheriff's Office . . . and posted frivolous posts about [Jackson]" that were defamatory on NOLA.com. Jackson does not allege that Patterson or Champagne published any particular allegedly defamatory words. Further, Jackson does not allege facts to support the elements of falsity, malice and injury attributable to defamatory statements allegedly made by Patterson or Champagne. Therefore, Jackson did not state a claim for defamation against Patterson or Champagne and those claims dismissed.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by defendants, Lieutenant Clint Patterson and St. Charles Parish Sheriff Greg Champagne (Doc. #44), is **GRANTED**, and plaintiff's claims against them are **DISMISSED.**

New Orleans, Louisiana, this   21st   day of June, 2018.

**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

7